## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RUDY FRANCIS**                                    **CIVIL ACTION**

**VERSUS**                                          **NO. 23-6981**

**DONNIE BORDELON, WARDEN**                         **SECTION: D**

### ORDER AND REASONS

The Court, having considered *de novo* the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254,[1] the record, including the response by the State,[2] the applicable law, the Report and Recommendation of the United States Magistrate Judge,[3] and the Objections filed by petitioner, Rudy Francis,[4] hereby **OVERRULES** the objections for the reasons stated below, **APPROVES** the Report and Recommendation of the United States Magistrate Judge and **ADOPTS** it as its opinion in this matter.

### I.    PETITIONER'S OBJECTIONS

On November 21, 2023, Petitioner Rudy Francis filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, challenging his 2010 manslaughter conviction under La. R.S. 14:31(A) and his twenty-year sentence imposed by Criminal District Court for the Parish of Orleans, Louisiana.[5] Petitioner asserts three claims in his Petition: (1) there is insufficient evidence to support his conviction; (2)

---

[1] R. Doc. 1.  *See* 28 U.S.C. § 636(b)(1)(C).
[2] R. Doc. 10.
[3] R. Doc. 22.
[4] R. Doc. 23.
[5] R. Doc. 1.

prosecutorial misconduct rendered his sentence void; and (3) his sentence is excessive.[6]

On June 18, 2024, following the filing of a response from the State[7] and the filing of the Petitioner's state record,[8] the Magistrate Judge issued a Report and Recommendation to the Court, recommending that the Petition be dismissed with prejudice and giving the Petitioner fourteen days to file any objections to the Report.[9] Petitioner timely-filed objections to the Magistrate Judge's Report and Recommendation. [10] Petitioner asserts that the Magistrate Judge erred in determining that his prosecutorial misconduct claim is unexhausted and in finding that his excessive sentence claim may be unexhausted.[11] Beyond those arguments, Petitioner restates the same three claims asserted in his Petition for habeas relief: (1) that there is insufficient evidence to support a conviction; (2) that his twenty-year sentence is void due to prosecutorial misconduct; and (3) that his twenty-year sentence is excessive. [12] Petitioner seems to object to the Magistrate Judge's conclusion that he failed to show that he is entitled to relief on any of his three claims.

## A. Exhaustion of Claims

In his first objection, Petitioner asserts that the Magistrate Judge erred in concluding that he failed to exhaust his claim for prosecutorial misconduct. The

---

[6] R. Doc. 1 at pp. 5–9; R. Doc. 1-1 at pp. 14–20.
[7] R. Doc. 10.
[8] *See* R. Docs. 14 through 14-6, R. Docs. 15 through 15-8, & R. Docs. 16 through 16-2.
[9] R. Doc. 22.  The Court notes that the district judge originally assigned to the case (R. Doc. 2) issued an Order of Recusal on April 8, 2025 (R. Doc. 24), at which point the case was reassigned to the undersigned.
[10] R. Doc. 23.
[11] *Id*. at pp. 2–6.
[12] *Id*. at pp. 6–10.

Magistrate Judge reasoned that, "[i]n the context of his excessive sentence claim (claim three), Francis argued in state court that the prosecutor did not file or untimely filed a firearm sentencing enhancement.  But he did not argue in state court that the prosecutor *deceived* the trial court by claiming to have filed a sentencing enhancement."[13]  The Magistrate Judge concluded that, "[t]he deception argument is a new legal theory that underlies his current prosecutorial misconduct claim (claim two).  Because Francis did not present this legal theory to the state courts, his prosecutorial misconduct claim is unexhausted."[14]  After its own review, the Court finds no error in the Magistrate Judge's conclusion.

As explained by the Magistrate Judge, Petitioner was convicted of manslaughter in September 2010 and was sentenced to twenty-five years' imprisonment at hard labor in November 2010.[15]  On appeal, Petitioner argued that the district court erred by permitting the prosecution to question him and another witness about his prior arrest for a crime that Petitioner was never convicted of and in permitting the prosecution to elicit testimony about motive concerning an alleged promissory note written in favor of the victim and signed by Petitioner without requiring the prosecution to produce the promissory note.[16]  The Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence on November 7, 2012,[17] and the Louisiana Supreme Court denied Petitioner's writ application on May 3,

---

[13] R. Doc. 22 at p. 8.
[14] *Id*.
[15] R. Doc. 14-1 at pp. 124 & 126–27; R. Doc. 16-2 at pp. 63–104 & 133–45.
[16] R. Doc. 14-1 at pp. 356–70.
[17] *State v. Francis*, 2011-1082 (La. App. 4 Cir. 11/7/12), 2012 WL 6619022.

2013.[18]  Petitioner applied for state post-conviction relief on May 1, 2014, claiming ineffective assistance of counsel and actual innocence.[19]  The stat trial court denied Petitioner's application for post-conviction relief on September 16, 2015,[20] and the Louisiana Fourth Circuit Court of Appeal denied Petitioner's writ application on February 24, 2016.[21]  On May 19, 2017, the Louisiana Supreme Court granted in part Petitioner's writ application and remanded the case to the state district court to hold an evidentiary hearing on his claims of ineffective assistance of appellate counsel for failing to raise on appeal insufficient evidence and excessive sentence, but otherwise denied relief.[22]  On remand, and upon stipulation of the parties, the state district court granted an out-of-time appeal instead of an evidentiary hearing.[23]

While Petitioner's writ application was pending before the Louisiana Supreme Court, he filed a motion to correct illegal sentence on November 18, 2016, alleging that the State had failed to timely file a motion for a sentencing enhancement under La. Code Crim. P. art. 893.1.[24]  Notably, Petitioner did not allege in his motion that the State deceived the district court by claiming that it had filed an enhancement motion.[25]  At a hearing held on April 19, 2017, the district court found that the State failed to present evidence that a motion for sentencing enhancement was filed, as

---

[18] *State v. Francis*, 2012-2575 (La. 5/3/13), 113 So.3d 209.
[19] R. Doc. 14-3 at pp. 46–65.
[20] *Id*. at pp. 68–73.
[21] *Id*. at p. 43.
[22] *State v. Francis*, 2016-0513 (La. 5/19/17), 220 So.3d 703.
[23] R. Doc. 14-1 at p. 13 (Minute Entry for July 14, 2017).  *See State v. Francis*, 2018-0482 (La. App. 4 Cir. 12/28/18), 318 So.3d 823, 826 ("On remand, the State and the defendant agreed to an out-of-time appeal in lieu of an evidentiary hearing.").
[24] R. Doc. 16-2 at pp. 54–60.
[25] *Id*.

required by statute, and granted Petitioner's motion.[26]  The district court denied the State's motion and order for stay of proceedings during a hearing on April 24, 2017.[27] On April 27, 2017, the Louisiana Fourth Circuit Court of Appeal granted the State's writ application and vacated the district court's ruling, noting that, "[t]he sentencing transcript reflects that both the State's attorney who tried the case and the district court judge stated on the record that the State had filed a motion before trial seeking enhancement under the code article.  The judge stated that 'the State filed a motion pursuant to Article 893 for the firearm sentencing provision . . . .'"[28]  The Louisiana Supreme Court denied relief on June 16, 2017.[29]

In his second, out-of-time appeal, Petitioner asserted four claims, including that his sentence was excessive because: (1) the trial court failed to observe the 24-hour delay in sentence; (2) the State failed to file a motion pursuant to La. Code Crim. Proc. art. 893.1 to enhance the sentence; and (3) his twenty-five year sentence is excessive based on the facts of the case.[30]  On December 28, 2018, the Louisiana Fourth Circuit Court of Appeal affirmed Petitioner's conviction and sentence.[31]  The appellate court found that, "[w]ith regard to the issues raised by the defendant related to La. Code Crim. Proc. art. 893, a review of the appellate record and the supplemental transcript of September 10, 2010, reflects that the State filed the

---

[26] *Id*. at pp. 149–71.
[27] *Id*. at p. 174–89.
[28] R. Doc. 14-2 at p. 3, n.3.
[29] *State v. Francis*, 2017-0951 (La. 6/16/17), 221 So.3d 82.
[30] *State v. Francis*, 2018-0482 (La. App. 4 Cir. 12/28/18), 318 So.3d 823, 832.
[31] *Id*. at 833.

appropriate motion on that date and served it on defense counsel in open court."[32]  On April 29, 2019, the Louisiana Supreme Court granted in part Petitioner's writ application, finding the trial court erred in failing to observe the 24-hour sentencing delay, but otherwise denied relief.[33]  The Louisiana Supreme Court vacated Petitioner's sentence and remanded the case to the district court for resentencing.[34]

On November 6, 2019, the state district court resentenced Petitioner to twenty years' imprisonment without the benefit of probation, parole, or suspension of sentence.[35]  Petitioner filed a Motion to Reconsider Sentence and a Notice of Appeal on December 6, 2019,[36] and re-filed both motions on February 25, 2021.[37]  On February 23, 2022, the state district court amended Petitioner's sentence to twenty years at hard labor with the benefit of parole.[38]  The district court denied Petitioner's Motion to Reconsider Sentence on March 30, 2022.[39]  On April 26, 2023, Petitioner filed a "motion for leave to supplement" and a "second or subsequent uniform application for post-conviction relief."[40]  It appears that these motions were still pending when Petitioner filed his Petition in this court on November 21, 2023.[41]

---

[32] *Id*. at 832.  The Court notes that the supplemental transcript in the record shows that the motion was made in open court on September 14, 2010.  *See* R. Doc. 15-8 at p. 2.

[33] *State v. Francis*, 2019-0227 (La. 4/29/19), 268 So.3d 289.

[34] *Id*.

[35] R. Doc. 14-1 at pp. 785–880.  As the Magistrate Judge pointed out, the hearing transcript reflects that the state district court imposed a twenty-year sentence "with benefits of parole, probation or suspension of sentence" (R. Doc. 14-1 at p. 879), but the court minutes and commitment order reflect that "this sentence is without the benefit of probation, parole, or suspension."  *Id*. at pp. 17 (Minute Entry for November 6, 2019) & 387.

[36] R. Doc. 14-1 at pp. 17 (Minute Entry for December 6, 2019) & 729–33.

[37] *Id*. at p. 17 (Minute Entry for February 25, 2021).

[38] *Id*. at p. 19 (Minute Entry for February 23 2022).

[39] *Id*. (Minute Entry for March 30, 2022).

[40] *Id*. (Minute Entry for April 26, 2023).

[41] *Id*.

As outlined above, Petitioner consistently asserted to the state courts that the State failed to file a sentencing enhancement motion.  Petitioner, however, never asserted a claim for prosecutorial misconduct in the state courts, as he never argued that the State *deceived* the district court by claiming to have filed a sentencing enhancement motion.  That argument was first raised in Petitioner's habeas petition filed in this court.[42]  As such, the Court agrees that Petitioner's prosecutorial misconduct claim is unexhausted.

The Court finds that Petitioner's excessive sentence claim is also unexhausted.[43]  As set forth in great detail above, Petitioner was resentenced to twenty years' imprisonment on November 6, 2019 after an extensive sentencing hearing.[44]  The record indicates that Petitioner filed a motion to reconsider sentence and a notice of appeal on December 6, 2019, both of which were re-filed on February 25, 2021, that the state district court amended his sentence to twenty years' imprisonment with the benefit of parole on February 23, 2022, and that the district court denied Petitioner's motion to reconsider sentence on March 30, 2022.[45]  Petitioner filed a second or subsequent application for state post-conviction relief on April 26, 2023, which was still pending, along with Petitioner's notice of appeal, at the time Petitioner filed his federal habeas petition on November 21, 2023.[46]  Thus,

---

[42] R. Doc. 1.

[43] R. Doc. 22 at p. 9.

[44] R. Doc. 14-1 at pp. 785–880.

[45] R. Doc. 14-1 at pp. 17–19.

[46] *Id*. at p. 19.

there is no indication from the record before the Court that the state courts have reviewed Petitioner's twenty-year sentence.

Petitioner, however, seems to assert that he was not required to exhaust his excessive sentence claim with respect to his twenty-year sentence because the Louisiana Fourth Circuit Court of Appeal affirmed his twenty-five year sentence and the Louisiana Supreme Court denied writs as to his excessive sentence claim on that sentence, so "Petitioner could hardly expect different treatment for his *twenty-year* sentence on remand."[47]  According to Petitioner, a habeas petitioner like himself is excused from the exhaustion requirement if circumstances exist that render such process ineffective to protect the rights of the applicant,[48] which includes situations where "*the corrective process is so clearly deficient as to render futile any effort to obtain relief.*"[49]  Petitioner offers no further support or explanation for this position. In the case cited by Petitioner, the Supreme Court recognized that while "[i]t has been settled for nearly a century that a state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts," there is an exception "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."[50]  The Supreme Court ultimately concluded, however, that neither the lower court nor the respondent had asserted that the state postconviction procedures were

---

[47] R. Doc. 23 at pp. 5–6.
[48] *Id*. at p. 6 (*quoting* 28 U.S.C. § 2254(b)(1)(B)(ii)).
[49] R. Doc. 23 at p. 6 (quoting *Duckworth v. Serrano*, 454 U.S. 1, 102, S.Ct. 18, 70 L.Ed. 2d 1 (1981)) (emphasis added by Petitioner).
[50] *Duckworth*, 454 U.S. at 3, 102 S.Ct. at 19 (citing authority).

inadequate to adjudicate the ineffective assistance of counsel claim that respondent first raised to the federal appellate court.[51]  The same is true here – Petitioner has not argued that the state postconviction procedures are inadequate to adjudicate his excessive sentence claim, and has put forth only conclusory statements as to why he should be excused from the exhaustion requirement.  As such, the Court finds that Petitioner was not excused from the exhaustion requirement with respect to his excessive sentence claim.

The Court further finds that, even if Petitioner's prosecutorial misconduct and excessive sentence claims could be construed as having been exhausted, it would not change the outcome of the Report and Recommendation, as the Magistrate Judge did not deny Petitioner's claims on the basis that they were unexhausted.  Rather, the Magistrate Judge denied Petitioner's claims on the merits.[52]  As such, Petitioner's objections lack merit and are overruled.  The Court will therefore turn its attention to Petitioner's objections to the Magistrate Judge's merits-based arguments.

## B. Insufficient Evidence to support a conviction

Petitioner next asserts that the Magistrate Judge erred in denying his claim that the evidence is insufficient to support his conviction.[53]  Petitioner focuses on the fact that his first two trials resulted in hung juries, and contends that the evidence in his third trial "was underwhelming" based on the fact that the jury acquitted him of second-degree murder.[54]  Petitioner claims that the only evidence that changed was

---

[51] *Id.*, 454 U.S. at 3–4, 102 S.Ct. at 19.
[52] R. Doc. 22 at p. 9.
[53] R. Doc. 23 at pp. 6–7.
[54] *Id.* at p. 7.

the introduction of a promissory note giving rise to a potential motive for the shooting, but Petitioner argues that pitting this evidence against his testimony and self-defense theory does not support a rational decision by the jurors.[55] Petitioner asserts that "doubt pervaded" in this case, which is what led to his first and second mistrials, his manslaughter conviction, and to the Louisiana Supreme Court in 2017 remanding his case to the trial court for an evidentiary hearing on his ineffective assistance of appellate counsel claim and his appellate counsel's failure to challenge his twenty-five year sentence.[56] Petitioner argues that while his second appeal failed to persuade the state courts, "this is a product of the courts' contrary application of clearly established federal law and its departure from the constitutional protections afforded under *Jackson v. Virginia* and its progeny."[57]

Petitioner's objection is nearly identical to the arguments raised in his Reply brief filed in further support of his habeas petition.[58] In rejecting those arguments, the Magistrate Judge conducted a thorough review of the record, and set forth the Louisiana Fourth Circuit Court of Appeal's in-depth review of the trial evidence and its reasons for rejecting Petitioner's insufficient evidence claim on his second direct appeal.[59] The Louisiana Fourth Circuit Court of Appeal concluded that:

> After weighing all the evidence and assessing the credibility of the witnesses, the jury found that the defendant was not acting in self-defense when he shot the victim multiple times and our review of the [sic] supports a finding that the jury had sufficient evidence to conclude

---

[55] *Id.*

[56] *Id.* (citing *State v. Francis*, 2016-0513 (La. 5/19/17), 220 So.3d 703).

[57] R. Doc. 23 at pp. 7–8 (citing *Jackson*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

[58] *See* R. Doc. 20 at pp. 6–7.

[59] R. Doc. 22 at pp. 12–31 (quoting *State v. Francis*, 2018-0482 (La. App. 4 Cir. 12/28/18), 318 So.3d 823, 826–31).

that the defendant was not acting in self-defense when he shot the victim nine times. Because the jury's credibility determination is not clearly contrary to the evidence, we affirm the defendant's conviction.[60]

As the Magistrate Judge correctly pointed out, an insufficient evidence claim presents a mixed question of law and fact, and this Court must defer to the state court's decision rejecting the claim unless Petitioner shows the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[61] In *Jackson v. Virginia*, the Supreme Court held that, in assessing an insufficient evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[62]

The Magistrate Judge found that it was not unreasonable for the state courts to find that the jury's verdict convicting Petitioner of manslaughter was a rational one.[63] As correctly pointed out by the Magistrate Judge, "Francis was charged with second degree murder and convicted of the lesser offense of manslaughter. Francis does not contest that he killed the victim. Rather, he claims that he is not guilty because he acted in self-defense."[64] The Magistrate Judge then also correctly pointed out that, "the standard on federal habeas review, in accordance with *Jackson [v. Virginia]* is whether a rational trier of fact, after viewing the evidence in the light

---

[60] *Francis*, 2018-0482, 318 So.3d at 831.

[61] R. Doc. 22 at p. 20 (*quoting* 28 U.S.C. § 2254(d)(1); *Davila Davis*, 650 Fed.Appx. 860, 866 (5th Cir. 2016), *aff'd* 582 U.S. 521, 137 S.Ct. 2058, 198 L.Ed.2d 603 (2017)).

[62] R. Doc. 22 at p. 20 (quoting *Jackson*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original)).

[63] R. Doc. 22 at p. 21.

[64] *Id.*

most favorable to the prosecution, could find beyond a reasonable doubt that the homicide was not committed in self-defense."[65]  After reviewing the state court record, the Magistrate Judge found that the state courts reasonably rejected Petitioner's contention that the State failed to prove that he did not act in self-defense.[66]  The Magistrate Judge pointed out that Petitioner's self-defense theory relied almost entirely on the jury's acceptance of his version of events over a competing narrative from other witnesses, and the Magistrate Judge proceeded to summarize Petitioner's trial testimony.[67]  The Magistrate Judge then reviewed the evidence presented by the State, which included a 911 call made by Petitioner and testimony from three present and former New Orleans Police Department officers, demonstrating that Petitioner had provided a narrative that was inconsistent with his self-defense testimony, namely that someone else had shot the victim.[68]  The Magistrate Judge also reviewed the testimony of three detectives, who stated that they found evidence inconsistent with the self-defense narrative and that Petitioner told one detective that someone else had shot the victim.[69]  The Magistrate Judge pointed out that the jury heard a forensic pathologist testify that the victim had sustained nine gunshot wounds and had been shot within close range,[70] and they heard a weapons and ballistics expert testify that all six nine-millimeter bullets recovered from the victim's autopsy were

---

[65] *Id*. at p. 22.

[66] *Id*.

[67] *Id*. at pp. 23–24 (*citing* R. Doc. 15-5 at pp. 94–109, 115–118, 121, 123–27, 130–34, 190, 193, & 196–97).

[68] R. Doc. 22 at pp. 24–25 & 26 (*citing* R. Doc. 15-6 at pp. 44–46, 50–52, 76–77, & 154–60).

[69] R. Doc. 22 at p. 25–26 (*citing* R. Doc. 15-6 at pp. 91–93, 104, 110, 116–17, 119–22, 129-30, 134, 136–40, 144, & 151).

[70] R. Doc. 22 at p. 27 (*citing* R. Doc. 15-6 at pp. 164–65, 170–72, 178–80, 192–93, & 198).

fired from the firearm recovered from Petitioner's patio shortly after the incident.[71] The Magistrate Judge also pointed out that Petitioner's wife testified that Petitioner never told her that he shot the victim until after he was arrested,[72]

After reviewing the trial evidence, especially Petitioner's statements and actions after the shooting, the Magistrate Judge concluded that the evidence did not support Petitioner's self-defense argument.[73]  The Magistrate Judge pointed out that instead of remaining in the area to explain the situation to police, Petitioner fled the scene, drove to his home, and claimed that there was another perpetrator, all of which "indicate consciousness of guilt and are circumstances under which a factfinder may infer guilt."[74]  Correctly emphasizing that credibility determinations are the province of the jurors,[75] the Magistrate Judge found that the record contains more than enough evidence for the jury to have concluded that the State disproved Petitioner's self-defense claim.[76]  As such, viewing the evidence in the light most favorable to the prosecution, the Magistrate Judge found that the guilty verdict was not irrational.[77] Finally, to the extent that Petitioner seemingly finds support for his claim of insufficient evidence in the fact that two prior trials resulted in hung juries, the Court disagrees.  Such an argument would result in every conviction following a hung jury to be challenged for insufficiency of evidence.  Further there is no evidence that the jury who heard the testimony and considered the evidence in this matter, and

---

[71] R. Doc. 22 at p. 28 (*citing* R. Doc. 15-6 at pp. 209–12).
[72] R. Doc. 22 at p. 29 (*citing* R. Doc. 15-5 at pp. 38–40).
[73] R. Doc. 22 at p. 30.
[74] *Id*. (citing *State v. Rawson*, 2017-0430 (La. App. 1 Cir. 9/15/17), 2017 WL 4082433, at *6).
[75] R. Doc. 22 at p. 30.
[76] *Id*. at p. 31.
[77] *Id*.

thereafter convicted Petitioner of manslaughter, was aware of the prior trials.  The Magistrate Judge concluded that Petitioner could not show that the denial of his claim by the state courts was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, and that he was not entitled to relief.[78]  The Court, having conducted its own thorough review of the state court record and the trial testimony, agrees with the Magistrate Judge that the state courts' denial of Petitioner's insufficient evidence claim was not contrary to or clearly in violation of established law, as required for Petitioner to obtain relief under 28 U.S.C. § 2254.[79]

## C. Prosecutorial Misconduct

Petitioner's next "objection" pertains to his prosecutorial misconduct claim. Petitioner, however, does not identify any portion of the Report and Recommendation to which he objects.[80]  Instead, Petitioner regurgitates, practically verbatim, the arguments made regarding his prosecutorial misconduct claim in his Reply brief filed in support of his habeas petition.[81]  Essentially, Petitioner argues that while the Louisiana Fourth Circuit Court of Appeal denied his claim that the State failed to file a La. Code Crim. P. art. 893.3 sentencing enhancement motion, the "last reasoned decision involving the invocation of the firearm enhancement" occurred before the state district court on April 19, 2017, when it found that no notice of the sentencing

---

[78] *Id.*
[79] 28 U.S.C. § 2254(d)(1).
[80] *See* R. Doc. 23 at pp. 8–9.
[81] *Compare* R. Doc. 23 at pp. 8–9 *to* R. Doc. 20 at pp. 7–9.

enhancement was actually filed.[82]  Petitioner contends that the district court's reasoning and conclusions deserve deference from this Court and, when combined with the lack of a minute entry or docket record of the motion, it is clear that the State misled the courts.[83]

The Magistrate Judge acknowledged that while the district court found on April 19, 2017 that the State had failed to show that a motion was filed, "that was not the last reasoned state court decision on the matter."[84]  The Magistrate Judge found that the Louisiana Fourth Circuit Court of Appeal specifically rejected Petitioner's claim that the State failed to file the motion, citing to a supplemental transcript filed by the State.[85]  The Magistrate Judge pointed out that the Louisiana Supreme Court denied relief as to the claim without explanation.[86]  The Magistrate Judge correctly pointed out that, "a determination of a factual issue made by a State court shall be presumed to be correct and the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."[87]  The Magistrate Judge found that Petitioner had not met that burden.  While the Magistrate Judge could not locate the motion in the state court record, she found that the supplemental transcript from September 14, 2010 demonstrates that the State moved to invoke the firearm enhancement before trial, that the State provided a copy of the motion to defense counsel in open court, and that defense counsel objected.[88]

---

[82] R. Doc. 23 at p. 9 (citing *Wilson v. Sellers*, 584 U.S. 122, 125, 138 S.Ct. 1188, 200 L.Ed.2d 530 (2018)).
[83] R. Doc. 23 at p. 9.
[84] R. Doc. 22 at pp. 32–33 (*citing* R. Doc. 16-2 at pp. 149–71).
[85] R. Doc. 22 at p. 33 (citing *State v. Francis*, 2018-0482 (La. App. 4 Cir. 12/28/18), 318 So.3d 823, 832).
[86] R. Doc. 22 at p. 33 (citing *State v. Francis*, 2019-0227 (La. 4/29/19), 268 So.3d 289).
[87] R. Doc. 22 at p. 33 (*quoting* 28 U.S.C. § 2254(e)(1)) (citation modified).
[88] R. Doc. 22 at p. 33 (*citing* R. Doc. 15-8 at p. 2).

The Magistrate Judge further found that the State did not re-urge the firearm sentencing enhancement at the November 6, 2019 resentencing.[89]  Noting that La. Code Crim. P. art. 893(E)(1)(a) and (2) would have required a mandatory minimum sentence of twenty years without the benefit of parole, probation, or suspension of sentence, the Magistrate Judge pointed out that the state district court twice stated that the sentencing range was zero to forty years and imposed a twenty-year sentence with the benefit of parole, probation, or suspension of sentence.[90]  As such, the Magistrate Judge concluded that Petitioner had not shown that the State committed prosecutorial misconduct and was therefore not entitled to relief as to this claim.[91]

The Court finds no error in the Magistrate Judge's denial of Petitioner's prosecutorial misconduct claim.  The Court agrees with the Magistrate Judge that the last reasoned decision on the sentencing enhancement motion came from the Louisiana Fourth Circuit Court of Appeal, which concluded that the supplemental transcript from September 14, 2010 showed that the motion was filed and served on defense counsel in open court before trial.[92]  The Court also agrees that the supplemental transcript shows that the State filed "a motion to invoke firearm sentencing provisions" in open court on September 14, 2010, that the State tendered a copy of the motion to the defense, and that defense counsel objected to the motion in open court.[93]  As such, the Court agrees that Petitioner has failed to rebut the

---

[89] R. Doc. 22 at p. 34.

[90] *Id*. (*citing* R. Doc. 14-1 at pp. 19 (Minute Entry from February 23, 2022); R. Doc. 14-1 at pp. 711, 732, 876, & 879).

[91] R. Doc. 22 at p. 34.

[92] *See State v. Francis*, 2018-0482 (La. App. 4 Cir. 12/28/18), 318 So.3d 823, 832; R. Doc. 15-8 at p. 2.

[93] R. Doc. 15-8 at p. 2.

presumption of correctness of the Louisiana Fourth Circuit Court of Appeal's decision by clear and convincing evidence. Petitioner has therefore failed to show that he is entitled to relief on his prosecutorial misconduct claim. His objection, to the extent that it may be deemed a proper objection, is overruled.

### D. Excessive Sentence

Finally, Petitioner objects to the Magistrate Judge's finding that his twenty-year sentence is not constitutionally excessive.[94] Petitioner claims that the Magistrate Judge "ignores both the paucity of the evidence against Petitioner," which was never enough to secure a conviction for second-degree murder, "as well as the sentencing court's clear determination that a *five-year sentence* served the ends of justice."[95] Petitioner contends that the State's sentencing enhancement is the only reason why his sentence was increased to twenty years.[96] Petitioner asserts that the two sentencing courts were in the best position to determine his degree of fault and that their findings are entitled to deference.[97] Petitioner maintains that his twenty-year sentence is excessive "when applied to the facts and evidence in his case."[98]

Notably, Petitioner made these same arguments in his Reply brief filed in support of his habeas petition, albeit he replaced any references to "the State" with references to "the Magistrate."[99] Addressing these arguments, the Magistrate Judge first found that, to the extent Petitioner is claiming that his sentence is excessive or

---

[94] R. Doc. 23 at p. 10.
[95] *Id.* (emphasis in original).
[96] *Id.*
[97] *Id.*
[98] *Id.*
[99] *Compare* R. Doc. 20 at p. 9 *to* R. Doc. 23 at p. 10.

otherwise inappropriate under Louisiana law, his claim is not cognizable in this federal proceeding.[100]  That is because federal habeas corpus relief is available only to correct violations of federal constitutional law.[101]  The Magistrate Judge also pointed out that this court has held that a federal habeas court will not review the legality of a petitioner's sentence under state law.[102]  The  Court agrees with the Magistrate Judge as to these findings.

The Magistrate Judge further found that, to the extent Petitioner is claiming that his sentence is excessive under federal law, his claim lacks merit.[103]  The Magistrate Judge explained that federal courts grant broad discretion to a state district court's sentencing decision that falls within statutory limits,[104] and that a federal habeas court will not upset the terms of a sentence within the statutory limits unless it is grossly disproportionate to the gravity of the offense.[105]  The Magistrate Judge explained that Petitioner was convicted of manslaughter, which carries a prison term of no more than forty years at hard labor under Louisiana Revised Statute 14:31(B).[106]  Because Petitioner's twenty-year sentence falls within the limits set by the Louisiana legislature, the Magistrate Judge considered whether his sentence is "grossly disproportionate" to the crime.[107]  The Magistrate Judge

---

[100] R. Doc. 22 at p. 37.
[101] *Id.* (citing *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998)).
[102] R. Doc. 22 at p. 37 (citing authority).
[103] *Id.*
[104] *Id.* at p. 38 (citing *Haynes v. Butler*, 825 F.2d 921, 923–24 (5th Cir. 1987)).
[105] R. Doc. 22 at p. 38 (citing *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)).
[106] R. Doc. 22 at p. 39.  The Court notes that the Magistrate Judge erroneously cited "La. Code Crim. P. art. 14:31(B)."
[107] R. Doc. 22 at pp. 39–40 (quoting *Ewing v. California*, 538 U.S. 11, 23, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003)).

reviewed the testimony presented by the defense at Petitioner's November 6, 2019 resentencing hearing,[108] the letters submitted by the victim's family members,[109] and the aggravating and mitigating factors thoughtfully considered and detailed by the state sentencing court, including Petitioner's conviction after three trials and the impact of the murder on the victim's family.[110]  The Magistrate Judge concluded that the sentencing court "considered the relevant factors necessary to contour and support the sentence under the circumstances of the case."[111]  The Magistrate Judge further found that Petitioner's sentence was commensurate with sentences imposed upon similarly situated defendants in Louisiana.[112]  As a result, the Magistrate Judge concluded that Petitioner failed to show that his twenty-year sentence for manslaughter is unconstitutionally excessive.[113]

Because Petitioner's twenty-year sentence falls within the statutory limit of La. R.S. 14:31(B), he is entitled to habeas relief only if he can show "that the sentencing decision was wholly devoid of discretion or amounted to an arbitrary or capricious abuse of discretion, or that an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty."[114]  Petitioner has failed to make that showing.  The resentencing court considered the evidence presented by Petitioner and the State, as well as mitigating factors like

---

[108] R. Doc. 22 at pp. 39–41 (*citing* R. Doc. 14-1 at pp. 790–852).

[109] R. Doc. 22 at p. 41 (*citing* R. Doc. 14-1 at pp. 852–59).

[110] R. Doc. 22 at p. 41 (*citing* R. Doc. 14-1 at pp. 873–79).

[111] *Id.* R. Doc. 22 at p. 42.

[112] *Id.* at pp. 42–43 (citing authority).

[113] R. Doc. 22 at p. 43.

[114] *Haynes v. Butler*, 825 F.2d 921, 923–24 (5th Cir. 1987) (quoting *United States v. Garcia*, 693 F.2d 412, 415 (5th Cir. 1982); *Hicks v. Oklahoma*, 447 U.S. 343, 346, 100 S.Ct. 2227, 2229, 65 L.Ed.2d 175 (1980); *Hickerson v. Maggio*, 691 F.2d 792, 794 (5th Cir. 1982)) (citation modified).

Petitioner's community service and the two prior hung juries.[115]   The court also considered aggravating factors, including a conviction that "was affirmed over and over again" by the Louisianan Fourth Circuit Court of Appeal and the Louisiana Supreme Court, the twenty-five year sentence previously imposed, and the impact on the victim's family.[116]   After balancing those interests, the district court resentenced Petitioner to twenty years' imprisonment with the benefit of parole, probation, or suspension of sentence.[117]   Having reviewed the transcript from the November 6, 2019 resentencing hearing,[118] the Court finds that Petitioner's twenty-year sentence for manslaughter is not unconstitutionally excessive.

As set forth above, the Court agrees with the Magistrate Judge's thorough review and reasoned analysis of the Petitioner's habeas petition.   Although Petitioner filed objections to the Report and Recommendation, he largely repeated the same arguments raised in his Petition and his Reply brief, which were sufficiently addressed by the Magistrate Judge.   Accordingly, finding that Petitioner's objections to the Magistrate Judge's Report and Recommendation are without merit, the Court **OVERRULES** the objections.

### E.  Certificate of Appealability.

Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 proceedings provides that, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A court may only issue a certificate of

---

[115] R. Doc. 14-1 at pp. 874–75.
[116] *Id*. at 875–79.
[117] *Id*. at 879.
[118] R. Doc. 14-1 at pp. 785–882.

appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[119] The "controlling standard" for issuing a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further."[120] The Court finds that Rudy Francis' Petition fails to satisfy this standard. Accordingly, the Court will not issue a certificate of appealability.

## II.    CONCLUSION

**IT IS HEREBY ORDERED** that the Petition of Rudy Francis for Writ of Habeas Corpus Under 28 U.S.C. § 2254[121] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DENIES** a certificate of appealability.

New Orleans, Louisiana, January 5, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

[119] 28 U.S.C. § 2253(c)(2).
[120] *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)) (citation modified).
[121] R. Doc. 1.